## LIABILITY FOR INSURANCE ASSESSMENT.

Circuit Court of Hamilton County.

JOHN LEVERONE V. SANFORD BROWN, RECEIVER.

Decided, May 8, 1909.

*Mutual Benefit Insurance—Liability of Members of an Insolvent Company to Assessment—Defenses.*

The holding in the case of *Swing* v. *Crane*, as to defenses a member of a mutual insurance company may set up against an assessment, does not militate against the findings of a trial court or the conclusions that may be reached in an action to enforce payment of such an assessment.

*M. F. Galvin*, for plaintiff in error.

*W. T. Porter*, for Sanford Brown, receiver, defendant in error.

SMITH, J.; GIFFEN, P. J., and SWING, J., concur.

We are of the opinion that the judgment as rendered by the court below should be affirmed and the petition and cross-petition in error should both be dismissed.

Under the evidence and by virtue of By-law 16 of the Chamber of Commerce Mutual Insurance Company, plaintiff in error was a member of the company up to thirty days after September 1, 1904; this being so, he would be liable for assessments made up to that period.

It had theretofore been decided by the Superior Court of Cincinnati in General Term and affirmed by the Supreme Court, that the company was insolvent and that certain death claims had accumulated for which those who were members during said interval were liable.

We do not think the holding of this court in *Swing, Trustee, v. Crane et al*, 11 C. C.—N. S., 297, that a decree by the Supreme Court in a suit for ouster of a mutual insurance company would not conclude any stockholder or member from questioning his liability for an assessment, or from setting up any other defense he might have in a suit to collect any such assessment, militates

against the findings of the trial court or the conclusion reached herein.

In the suit at bar; plaintiff in error set up such defenses as he had, and the court held that as against the amount claimed defendant in error was entitled to recover only a part thereof.

In the Crane case one of the defenses was the statute of limitations.

In view of the entire evidence showing plaintiff in error to have been a member of the company as hereinbefore set forth, we think the judgment of the court below is correct and the same will be affirmed.